Filed 3/20/13  P. v. Walker CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE


THE PEOPLE,

    Plaintiff and Respondent,

    v.

ROGER LEE WALKER,

    Defendant and Appellant.

_____/

A135700

(Alameda County
Super. Ct. No. C165684)


Appellant Roger Lee Walker appeals from the trial court's denial of his motion to set aside and/or withdraw his plea of no contest to indecent exposure (Pen. Code, § 314).[1] Appellant has asked this court to conduct an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

We dismiss the appeal as abandoned in accordance with *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).

---

[1]    Unless otherwise noted, all further statutory references are to the Penal Code.  The lower court and the parties inadvertently referred to section 314.1 — rather than to section 314 — throughout the proceedings.  (See *In re King* (1984) 157 Cal.App.3d 554, 556, fn. 1, overruled on another point in *People v. Noriega* (2004) 124 Cal.App.4th 1334 (referring to section 314, subd. (1) as "314.1").)

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2009, appellant pleaded no contest to indecent exposure (§ 314). He waived his right to appeal the conviction and to "make any motions" in the case. The trial court determined appellant knowingly and voluntarily waived his constitutional rights and sentenced him to five years felony probation and 10 months in jail. The court ordered appellant to register pursuant to section 290 as a condition of probation.

In December 2010, appellant admitted violating probation by failing to register pursuant to section 290 and the court sentenced him to 16 months in custody, all of which appellant had already served. The court ordered appellant released from custody and placed on parole. The court told appellant, "[i]f you violate parole, you can go back to prison for up to a year for each violation." In March 2011, the prosecution filed a petition to commit appellant as a Sexually Violent Predator (SVP) under Welfare and Institutions Code section 6600 et seq.[2]

On January 28, 2012, two days before appellant was to be released from parole, the Board of Parole Hearings placed a 45-day hold on appellant under the Sexually Violent Predator Act (Welf. & Inst. Code, § 6601.3). In February 2012, appellant moved to set aside the no contest plea, to vacate the judgment, to set aside the admission of the probation violation, and to dismiss the forthcoming petition for commitment as a SVP. He argued the plea was not knowing and voluntary because he was unaware of the potential of an indeterminate SVP commitment at the time of the plea.

In May 2012, appellant moved to dismiss the SVP petition as untimely. He also argued the Board of Prison Terms did not have jurisdiction to issue the 45-day hold pursuant to Welfare and Institutions Code section 6601.3. Appellant supported the motions to set aside, withdraw his plea, and dismiss the SVP petitions with a declaration

---

[2]     The prosecution argued appellant qualified as a SVP because he committed the qualifying offenses of rape in 1976 (§ 261) and assault with intent to commit rape (§ 220) in 1982 as set forth in Welfare and Institutions Code section 6600, subdivision (b) and because he suffers from a mental disorder that makes him likely to engage in sexually violent criminal behavior unless he receives treatment in custody. The court issued a detention order and set a date for a probable cause hearing.

averring he would not have pleaded no contest to indecent exposure or admitted a probation violation if he had known he "would be exposed to potential Sexually Violent Predator proceedings as a result of a return to Department of Corrections custody. . . ." He further testified his attorney did not advise him of "these consequences" and that he did not commit indecent exposure but pleaded no contest "on the advice of [his] counsel." In a supplemental memorandum of points and authorities, appellant argued the plea should be set aside, the judgment vacated, and the SVP petition dismissed because he was denied equal protection and did not receive effective assistance of counsel.

The prosecution opposed the motions. It argued the court could not set aside appellant's plea and could not set aside his probation violation. The prosecution also argued, pursuant to *People v. Moore* (1998) 69 Cal.App.4th 626 (*Moore*), that a defendant may not withdraw his plea on the ground that he or she was not advised of the potential SVP consequences because "those consequences are not a direct or penal consequence of his plea." Finally, the prosecution contended dismissal of the SVP petition was not an appropriate remedy. Appellant replied and the court heard argument on the motions. On June 1, 2012, the court denied as untimely appellant's motion to withdraw the plea, vacate the judgment, and set aside the probation violation admission. The court also concluded that under *Moore*, the possibility of SVP proceedings is "generally considered a secondary indirect consequence, not a direct or primary penal consequence." The court denied the motion to dismiss the SVP petition, concluding it was "properly filed."

Appellant appealed from the order denying his motion to withdraw the plea and to vacate the judgment, and the order denying his "petition for a writ of error *coram nobis*." We appointed counsel to represent appellant on appeal. Counsel presents no argument for reversal, but asks this court to conduct an independent review of the record in accordance with *Wende*, *supra,* 25 Cal.3d 436. Counsel informed appellant that he had the right to file a supplemental brief on his own behalf, but appellant declined to do so.

3

DISCUSSION

We conclude appellant is not entitled to *Wende* review pursuant to *Serrano*, a recent case from the Sixth Appellate District. In *Serrano*, the defendant pleaded guilty to, among other things, burglary of a vehicle. The trial court suspended imposition of sentence and placed the defendant on probation. Two years later, the defendant pleaded no contest to another felony and the court suspended imposition of sentence and placed him on probation. Later, the defendant violated probation and the court imposed the previously suspended sentence and ordered him to serve three years in prison. (*Serrano, supra,* 211 Cal.App.4th at pp. 498-499.) The defendant appealed from the judgment but voluntarily dismissed the appeal before filing an opening brief. (*Id.* at p. 499.)

After the defendant completed his sentence, the federal government began deportation proceedings. The defendant then moved to vacate his conviction, claiming "his plea was not voluntary and intelligent" because, among other things, he did not "fully understand the consequences of his pleas" and because trial counsel failed to advise him and defend him "against immigration consequences" of his pleas. (*Serrano, supra,* 211 Cal.App.4th at p. 499.) The trial court denied the motion and the defendant appealed. "Appointed counsel filed an opening brief which state[d] the case and the facts but raise[d] no specific issues." (*Ibid.*)

The *Serrano* court considered whether it "was required to conduct a *Wende* review where the appeal originates from a postconviction proceeding and not a first appeal of right." (*Serrano, supra,* 211 Cal.App.4th at p. 499, fn. omitted.) The court balanced three factors: "'(1) the private interests at stake; (2) the state's interests involved; and (3) the risk that the absence of the procedures in question will lead to an erroneous resolution of the appeal.'" (*Serrano, supra,* 211 Cal.App.4th at p. 502, quoting *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 539 (*Ben C.*) [*Anders/Wende* review not necessary in conservatorship appeals].) In doing so, the court noted the "dire consequences" for the defendant if "the underlying judgment" were not vacated, and the "'weighty' nature" of the defendant's interest in "just appellate resolution[.]" (*Serrano, supra,* at p. 502, quoting *In re Sade C.* (1996) 13 Cal.4th 952, 990-991.) The *Serrano* court, however,

4

determined the defendant was not entitled to *Wende* review because his "conviction has long been final and his sentence served. Although he chose to dismiss his first appeal of right, he could have obtained a review of his conviction had he so chosen. In each appeal, he has been afforded the right to appointed counsel, and each of those counsel were supervised by this district's appellate project. [Citation.] Given the multitude of protections already afforded defendant, the risk of erroneous appellate resolution without *Wende* review for a collateral attack on the judgment is minute." (*Id.* at p. 502, fn. omitted.) The court also concluded the "minute risk" was "outweighed by important state interests, including securing a just appellate resolution, reducing procedural costs and burdens, and concluding the proceedings both fairly and expeditiously." (*Id.* at p. 503.)

The *Serrano* court noted that "[w]hile the California Supreme Court has not specifically considered the availability of *Anders/Wende* review in a postconviction collateral attack on a judgment, the United States Supreme Court's decision in [*Pennsylvania v. Finley* [(1987) 481 U.S. 551 (*Finley*)] is squarely on point. There, as in the case before us, the defendant was attacking her conviction collaterally, long after it was final. In its analysis of *Finley*, the California Supreme Court has recognized and relied on the high court's restriction of *Anders* review to the '*first appeal of right*' in a criminal prosecution." (*Serrano*, *supra*, 211 Cal.App.4th at p. 501, quoting *Ben C.*, *supra*, 40 Cal.4th at p. 537.) *Serrano* then held: "[w]here a defendant has been afforded all the constitutional protections of a first appeal of right, including the right to *Wende* review where appropriate, we find that he is not entitled to *Anders/Wende* procedures in subsequent appeals, including collateral attacks on the judgment. The extension of *Anders/[W]ende* is thus not required. [Citation.]" (*Id.* at p. 503.) The court dismissed the appeal. (*Id.* at p. 504.)

Here as in *Serrano*, appellant is not entitled to *Wende* review on his collateral attack on the judgment. (*Serrano, supra,* 211 Cal.App.4th at p. 502, fn. omitted.) The consequences facing appellant if the underlying conviction is not vacated may be "dire" and appellant may have a "'weighty'" interest in a "just appellate resolution." But his "conviction has long been final and his sentence served." (*Ibid.*) Although appellant did

5

not dismiss his first appeal as in *Serrano*, he "could have obtained a review of his conviction had he so chosen." (*Ibid.*) "Given the multitude of protections already afforded [appellant], the risk of erroneous appellate resolution without *Wende* review for a collateral attack on the judgment is minute" and this risk is "outweighed by important state interests" such as "securing a just appellate resolution, reducing procedural costs and burdens, and concluding the proceedings both fairly and expeditiously." (*Id.* at pp. 502, 503, fn. omitted.)

The *Wende* brief filed by counsel complies with the requirements set forth in *Serrano*. Appellant was informed of his right to file a supplemental brief and has not filed anything with this court. Therefore, "we dismiss the appeal as abandoned." (*Serrano, supra,* 211 Cal.App.4th at p. 498.)

DISPOSITION

The appeal is dismissed as abandoned.

 

_____
Jones, P.J.

 

We concur:

_____
Simons, J.

 

_____
Needham, J.